NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

TIMOTHY SHEEHAN, PETITIONER, v. ERIE RAILROAD COMPANY, OR, IN THE ALTERNATIVE, CHARLES WAGNER, DOING BUSINESS AS WAGNER CONSTRUCTION COMPANY, RESPONDENTS.

Employe Names as Respondents a Railroad and a Contracting Company—Petition Dismissed Against Railroad Company, the Company Not Being the Employer—Accident Occurred While Petitioner was in Employment of Contracting Company, and Temporary Compensation Paid—Afterward, Cataracts Appeared on Both Eyes—Held, That Petitioner Has Not Sustained the Burden of Proof That the Cataracts Were the Result of the Accident.

On opinion, determination of facts and rule for judgment.

\*      \*      \*      \*      \*      \*      \*

I, having heard and considered the testimony adduced, do hereby determine and find as follows:

1. That Timothy Sheehan, on August 5th, 1925, was employed by the respondent Charles Wagner, one of the respondents, as a watchman, which employment was subject to the compensation section of chapter 96, laws of 1911, and the supplements and amendments thereto.

2. That the said Timothy Sheehan was not employed by the Erie Railroad Company, and, in fact, the proceeding in compensation was not pressed as against the said Erie Railroad Company, and judgment in favor of that company should be entered against the petitioner for that reason.

3. That on August 5th, 1925, aforesaid, the petitioner, while walking in what is known as the Bergen Cut of the Erie Railroad Company, and engaged in his work as watchman for the respondent Charles Wagner, was struck by a locomotive and injured. The accident arose out of and in the course of his employment with the respondent Charles Wagner.

4. The petitioner was removed to St. Francis Hospital and there examined and treated by Dr. Brick, a general surgeon.

There was a laceration on his right cheek bone, a laceration over the right eyebrow and a fracture of the fourth and fifth ribs.  The petitioner left the hospital about three weeks after the accident.

5. The respondent Charles Wagner paid to the petitioner the sum of $343.39, which was for twenty-three weeks at the rate of $14.93 per week, the petitioner's weekly wages being $22.40.

6. The claim petition in this cause was sworn to March 20th, 1926, approximately seven months after the accident occurred, and it is now claimed that as a result of the accident the petitioner has been totally and permanently disabled. The chief claim of disability relied upon was that cataracts were present in both eyes of the petitioner.  There is no dispute about the fact that cataracts are present in both eyes of the petitioner, but the question of whether or not the accident was the cause of the cataracts constitute in the main the dispute at issue.

7. After weighing the testimony produced by the petitioner and that produced by the respondent on the vital issue of whether the petitioner's cataractous condition was due to the accident, I have come to the conclusion that the petitioner has not only failed to substantiate his contention by the greater weight of the credible testimony, but that the respondent has proven the petitioner's cataractous condition was not due to the accident.

8. After taking into consideration the nature and extent of the injury and disability that the petitioner received as a result of his accident, and weighing the medical testimony on the subject, I have concluded that the petitioner has been fully compensated for all the disability that he suffered as a result of the accident.

It is therefore, on this 7th day of April, 1927, ordered, adjudged and decreed that the petition of the petitioner be and the same hereby is dismissed and for nothing holden, as against both the respondent Erie Railroad Company and the respondent Charles Wagner.

CHARLES E. CORBIN,
*Deputy Commissioner.*